UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Araceli Rico, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>Davis Bancorp, Incorporated, )<br>)<br>　　　　Defendant. ) | Case No. 1:08-cv-02721<br>Honorable Marvin E. Aspen |

## ANSWER TO COMPLAINT

NOW COMES the Defendant, DAVIS BANCORP, INCORPORATED ("Davis" or "Defendant"), by and through its attorneys, LOEWENSTEIN, HAGEN & SMITH, P.C., and hereby Answers the Complaint as follows:

1.　　This action arises, in part, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended by the Pregnancy Discrimination Act, Pub.L. 95-555 ("Title VII"). Accordingly, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction).

ANSWER:　　Defendant admits the allegations contained in paragraph 1 of said Complaint.

2.　　Venue is proper in this Northern District of Illinois because all of the acts complained of took place within the territorial boundaries of this district and division in the State of Illinois.

ANSWER:　　Defendant admits the allegations contained in paragraph 2 of said Complaint.

3. The Plaintiff is a female resident of the United States and a resident of the State of Illinois. At the time of the events alleged herein, Plaintiff was an employee of Davis working for Davis at its offices in Chicago, Illinois.

ANSWER: Defendant admits that the Plaintiff was an employee of Davis working for Davis in Chicago, Illinois, and that Plaintiff is a female. Upon information and belief, Defendant denies that the Plaintiff is a lawful resident of the United States and of the State of Illinois.

4. Defendant is an Illinois corporation doing business in Illinois.

ANSWER: Defendant admits the allegations contained in paragraph 4 of said Complaint.

5. On information and belief, Defendant is an employer as defined in Title VII.

ANSWER: Defendant denies the allegations contained in paragraph 5 of said Complaint.

6. Plaintiff was employed by Davis from November 2004 through May 2006.

ANSWER: Defendant admits the allegations contained in paragraph 6 of said Complaint.

7. On or about May 15, 2006, during her employment at Davis' offices, Rico informed her supervisor that she was pregnant.

ANSWER: Defendant admits the allegations contained in paragraph 7 of said Complaint.

8.   On May 19, 2006, Davis terminated Rico.

ANSWER:   Defendant admits the allegations contained in paragraph 8 of said Complaint.

9.   During all times relevant to this lawsuit, Rico was satisfactorily performing all of her job duties and met Davis' expectations.

ANSWER:   Defendant admits the allegations contained in paragraph 9 of said Complaint.

10.   On information and belief, Davis asserts that Rico was not terminated due to her pregnancy, but was terminated because her position was closed.

ANSWER:   Defendant denies the allegations in paragraph 10 and affirmatively states that Rico was terminated due to the elimination of her position because of a business slowdown.

11.   Davis was replaced with a non-pregnant employee.

ANSWER:   Defendant denies the allegations contained in paragraph 11 of said Complaint.

12.   Davis terminated Plaintiff because of her pregnancy, in violation of Title VII.

ANSWER:   Defendant denies the allegations contained in paragraph 12 of said Complaint.

14.   As a direct result of Davis' actions as aforesaid, Rico suffered damages consisting of loss of wages, both past and future, humiliation, mental and emotional distress both past and future and other damages.

ANSWER: Defendant denies the allegations contained in paragraph 14 of said Complaint.

15. Within 300 days of the events alleged herein, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") regarding the acts alleged herein.

ANSWER: Defendant admits the allegations contained in paragraph 15 of said Complaint.

16. On February 15, 2008, Davis received a Right to Sue letter from the EEOC. A copy of said letter is attached as Exhibit A.

ANSWER: Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 because there is no Exhibit A attached to the copy of the Complaint furnished to Defendant, and, therefore, Defendant denies these allegations.

17. This lawsuit was filed before the expiration of 90 days following Plaintiff's receipt of her Notice of Right to Sue.

ANSWER: Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 because there is no Exhibit A attached to the copy of the Complaint furnished to Defendant, and, therefore, Defendant denies these allegations.

18. Defendant's acts, as aforesaid constitute unlawful sexual discrimination, in violation of Title VII.

ANSWER: Defendant denies the allegations contained in paragraph 18 of said Complaint.

19. Plaintiff is entitled to, and hereby makes demands a jury trial on her Title VII claims pursuant to 42 U.S.C. §2000e-1 and 42 U.S.C. §1981 et seq.

ANSWER: Defendant denies the allegations contained in paragraph 19 of said Complaint.

## AFFIRMATIVE DEFENSES

1. Count I of Plaintiff's Complaint ("Pregnancy Discrimination") fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred to the extent that they exceed the scope of the charge(s) of discrimination she filed with the EEOC and/or any state agencies.

3. Plaintiff's claims are barred to the extent she seeks to base them on events occurring outside the applicable statute of limitations.

4. Plaintiff's claims are barred to the extent she failed to mitigate her damages.

5. Plaintiff's request for punitive damages is barred because Defendant made a good faith effort to comply with Title VII of the Civil Rights Act of 1964 and had reasonable grounds for believing that any act taken or omission made was not a violation of Title VII.

WHEREFORE, Defendant, DAVIS BANCORP, INCORPORATED, denies that Plaintiff is entitled to the relief requested in the Complaint or to any relief

whatsoever, and respectfully prays that the Complaint be dismissed in its entirety, that judgment be entered in its favor and against Plaintiff, ARACELI RICO, and that Defendant be awarded its costs and any other and further relief as this Court deems just.

        Respectfully submitted,

        DAVIS BANCORP, INCORPORATED,
        Respondent

        BY: LOEWENSTEIN, HAGEN & SMITH, P.C.

        By: _____
        Gary L. Smith - #2644029
        LOEWENSTEIN, HAGEN & SMITH, P.C.
        1204 South Fourth Street
        Springfield, IL 62703
        (217) 525-1199

```
Mark J. Sheppard
4437 N. Greenview Ave., #3E
Chicago, IL  60640
773-230-7363
Local Council
```

## PROOF OF SERVICE

  The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause by enclosing the same in an envelope addressed to such party at their address as follows:

    Mr. Luis A. Oviedo
    Oviedo Burgos Associates LLC
    33 N. LaSalle St., 29th Floor
    Chicago, IL 60602

with postage fully prepaid, and by depositing said envelope in a U.S. Post Office Mail Box in Springfield, Illinois on this 22 day of July, 2008.

              _____
              Gary L. Smith

Gary L. Smith
LOEWENSTEIN, HAGEN & SMITH, P.C.
1204 South Fourth Street
Springfield, IL 62703
(217) 525-1199

7